# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA KAY MANNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the Social )<br>Security Administration,[1] )<br>)<br>Defendant. ) | Case No. CIV-16-319-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Lisa Kay Manning requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge (ALJ) erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born August 7, 1970, and was forty-three years old at the time of the administrative hearing (Tr. 24, 122). She completed two years of college, and has worked as a registered nurse (Tr. 17, 150). The claimant alleges that she has been unable to work since February 21, 2012, due to scoliosis, depression, stroke, hypertension, arthritis in her neck, bursitis, sciatica, fatigue, and chronic back pain (Tr. 149).

## Procedural History

On April 14, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Jodi B. Levine conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 12, 2015 (Tr. 10-18). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could not climb ladders, ropes, or scaffolds; she could only occasionally climb stairs, stoop, kneel, crouch, or crawl; and she could have no exposure to unprotected heights (Tr. 14). The ALJ then concluded that

although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform, *i. e.*, receptionist, phlebotomist, order clerk, and cashier (Tr. 17-18).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate the consultative opinion of Dr. Sherman B. Lawton, M.D., and (ii) improperly evaluating her credibility. Because the ALJ failed to properly analyze Dr. Lawton's consultative opinion, the decision of the Commissioner should be reversed.

The ALJ found that the claimant had the severe impairments of scoliosis, arthritis, and status post transient ischemic attack (Tr. 12). Relevant medical records indicate that the claimant had cervical spondylosis and thoracic spondylosis, and that she had scoliosis as a child, for which Harrington rods were implanted in her spinal column (Tr. 263-265, 291). On February 21, 2012, the claimant experienced a transient ischemic attack, which was later confirmed to be an acute stroke (Tr. 274, 361). Following the stroke, the claimant continued to complain of neck and back pain (Tr. 421, 433). Treatment notes also indicate gait problems and right leg dragging, particularly when the claimant was tired (Tr. 333).

On August 21, 2014, Dr. Lawton examined the claimant, noting she had signs of slight hemiparesis (weakness) on the right side of her body and that her reflexes were not very active, but that she had no difficulty manipulating pills with the right hand (Tr. 440). He believed the claimant could walk without an assistive device (Tr. 440). He concluded that she had two problems: (i) a stroke with minimal but definite right sided hemiparesis,

and (ii) back pain for which she is on a variety of medications but which provided no neurologic deficit (Tr. 441). He completed a Medical Source Statement (MSS) regarding her physical ability to do work, indicating that she could lift/carry up to twenty pounds continuously and up to fifty pounds frequently, but made no indications regarding sit/stand limitations, stating that such things were "so effort-dependent" (Tr. 442-443). Additionally, he noted she could only occasionally reach overhead and in all other directions, but that she could frequently handle, finger, feel, and push/pull (Tr. 444). He also declined to provide an opinion regarding postural limitations, noting the subjectivity of her symptoms (Tr. 445). Finally, he could not definitely provide medical findings to support the assessment because her pain symptoms were entirely subjective (Tr. 447).

On June 26, 2014, the claimant's treating physician, Dr. Jeffrey Rother, completed a Medical Assessment of Ability to do Work Related Activities (Physical), indicating that the claimant could sit/stand/walk one hour each in an eight-hour workday and that she could not work an eight-hour day at any level, even with the option to alternate sitting and standing (Tr. 438). He further indicated that the claimant could lift less than ten pounds, but not repetitively, and that she could perform simple grasping but not pushing and pulling of arm controls or fine manipulation (Tr. 443). He also prepared a letter, stating that the claimant had worked despite ongoing back pain for a number of years, but her stroke in 2012 had led to chronic issues requiring medications (Tr. 439). Additionally, he noted that her medications and impairments had made it difficult for her to continue a career, he did not anticipate any improvement, and he believed it would be difficult for the claimant to remain gainfully employed (Tr. 439).

A state reviewing physician determined that the claimant could perform the full range of light work with no postural or manipulative limitations (Tr. 311-317).

In her written opinion, the ALJ summarized the claimant's testimony and her medical records. Without discussing Dr. Rother's Medical Assessment, the ALJ gave significant weight to Dr. Rother's indication that the claimant could no longer work as a nurse, but only limited weight to his opinion that she could not be gainfully employed (Tr. 16). She agreed that the treatment record supported some (unspecified) limitations, but found that the broad statement that she could work was not supported because the claimant had a full range of motion and negative neurological examination (Tr. 16). As to Dr. Lawton's opinion, the ALJ noted that he was a neurologist, while the claimant's treating physician was not, and found that the limitations expressed by Dr. Lawton were supported by his exam and the medical evidence in total (Tr. 16). The ALJ then gave significant weight to the state reviewing physician opinions that the claimant could perform light work, but noted that additional records indicated the presence of nonexertional limitations that had been added to the RFC (Tr. 16). The ALJ found not credible the claimant's statements that she could stand for ten minutes and walk for no more than fifteen, but gave partial credibility to her based on the fact that she has a pain-causing impairment (Tr. 15).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d

1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ recited Dr. Lawton's opinion favorably and indeed purported to adopt it in total, but did not acknowledge any of the specific limitations Dr. Lawton did include, including the limitation to only occasional reaching, and ultimately provided no real analysis regarding his opinion. Nevertheless, the ALJ rejected (by failing to discuss) some of the limitations applicable to the claimant, *e. g.*, a limitation to only occasional reaching both overhead and in all other directions, but she did not provide any explanation for such rejection. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore

evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. This was a significant omission in that it calls into question the claimant's ability to perform the jobs identified by the ALJ at step five, all of which require frequent reaching. *See* DICOT §§ 237.367-010 (receptionist), 079.364-022 (phlebotomist), & 211.462-010 (cashier).[3] "[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In any event, it was clearly error for the ALJ to reject without explanation parts of the opinion while finding other parts consistent with the RFC. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The Commissioner attempts to argue that at the administrative hearing the Vocational Expert (VE) also identified the job of surveillance system monitor, DICOT § 379.367-10, which satisfies the occasional reaching limitation, and that the ALJ's decision is therefore supported by substantial evidence. However, the cases cited by the

---

[3] The ALJ also named "Order clerk, DICOT § 239.363-014" as a fourth job, but this was not a job identified in the Dictionary of Occupational titles, and the Commissioner does not attempt to argue that it satisfies the requirement of only occasional reaching.

Commissioner in support of this argument found harmless error where only two out of three jobs identified at step five *in the ALJ's opinion* were erroneous. Here, the ALJ did not identify the job of surveillance system monitor at step five, and the undersigned Magistrate Judge declines to adopt the Commissioner's post-hoc rationale here. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ([T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") (citations omitted).

The undersigned Magistrate Judge further notes that the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In light of the recommendation for remand in this case as described above, the undersigned Magistrate also finds that remand for proper analysis under the new guidance would likewise be advisable here.

Because the ALJ failed to properly evaluate Dr. Lawton's opinion, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-

determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**